SULLIVAN, Plaintiff, v. REPUBLIC STEEL CORP., Defendant.

Common Pleas Court, Mahoning County.

No. 126071.  Decided December 10, 1948.

Traxler & Yearick, Youngstown, for plaintiff.
Harrington, Huxley & Smith, Youngstown, for defendant.

## OPINION

By FORD, J.

This case (with a number of others pending for trial before the several judges in this County) was commenced under §1465-90 GC of the Workmen's Compensation Law following denial by the Industrial Commission of plaintiff's right to receive compensation. Having elected and qualified to pay compensation directly under §1465-69 GC, the party defendant is the employer, rather than the Industrial Commission, as in the case of claims against the state insurance fund.

The plaintiff has filed a motion to advance the case for immediate hearing, not under §11384 GC for good cause shown, but under §871-42 GC (a part of the Industrial Commission law) which provides:

"All actions and proceedings under this act, and all actions or proceedings to which the Industrial Commission of Ohio or the State of Ohio may be parties, and in which any question arises under this act, or under or concerning any orders of the Industrial Commission, shall be preferred over all other civil cases * * * irrespective of position on the calendar * * *."

It is contended that this case involves a question arising under or concerning an order of the Industrial Commission and is entitled to the statutory preference.

The language of §871-42 GC provides for two classes of cases entitled to calendar preference, (1) actions or proceedings under this act, i. e., actions or proceedings brought under the Industrial Commission Act, and (2) all actions or proceedings (a) where the Industrial Commission of Ohio or the State may be parties, and (b) where the question arises under the Industrial Commission Act or under or concerning any order of the Industrial Commission. The case at bar is not one brought under the Industrial Commission Act and is therefore not included in the first of these classes. While the case does involve a question arising under or concerning an order of the Industrial Commission, it is not one to which the Industrial Commission or the State is a party, and is, therefore, not included in the second of these classes.

Plaintiff's counsel, however, strongly urge that the foregoing literal construction of the statute should be rejected because of resulting hardship to industrial employees whose cases must await their order upon the trial calendar, the basis of this contention being the liberal interpretation by the Ohio courts of the provisions of laws dealing with the victims

of industrial casualties. So far as hardship is concerned, it should be noted in passing that the advancement for trial of any case of real hardship can be readily dealt with by a trial judge under §11384 GC.

It is also argued that a literal construction of §871-42 GC would bring within its terms only those cases where compensation claims are made against the state insurance fund and in which the Industrial Commission, by force of §1465-90 GC, would be a party. This, it is claimed, would make an "invidious" distinction between employees of state insurance fund contributors and those, as in the present cases, of employers paying compensation directly; and an unconstitutional discrimination is suggested.

The literal construction of §871-42 GC would indeed involve a distinction between two kinds of compensation cases which, looked at from the standpoint of the injured employee, seems artificial. I do not believe, however, that this should lead one in the name of liberality to adopt a construction of §871-42 GC which would do violence to the meaning of the English language. Rather, any artificial situation resulting from a literal construction should lead one to inquire whether after all it was ever intended by the legislature to include any kind of compensation case within the calendar preference accorded by §871-42 GC, as involving a question arising "under" or concerning any order of the Industrial Commission", despite its superficial applicability to one class of compensation cases.

Since the language, "any order of the Industrial Commission", is broad, there should be good ground for construing it to exclude compensation cases. But equally broad language is used in another section of the Industrial Commission Act, §871-38 GC, providing that any employer or other interested person being dissatisfied with "any order" of the Industrial Commission "may commence an action in the Supreme Court" to vacate it on the ground that it is unreasonable or unlawful.

There have been several attempts by both employees and employers to follow this procedure in workmen's compensation cases, as involving an order of the Industrial Commission which is unreasonable or unlawful, but the Supreme Court has consistently held that the phrase "any order", as used in §871-38 GC means an order under the Industrial Commission Act and excludes an order of the Commission under the Workmen's Compensation Act.

Gatton v. Industrial Commission, 93 Oh St 203; Coal Company v. Industrial Commission, 108 Oh St 185; Slatmeyer v. Industrial Commission, 115 Oh St 654; Bowes v. Industrial

Commission, 123 Oh St 155; Steel Company v. Industrial Commission, 142 Oh St 439.

A similar construction is given to §871-40 GC which gives the Supreme Court sole jurisdiction to review "any order" of the Industrial Commission.

**State ex rel Nichols v. Gregory, 130 Oh St 165.**

I see no valid reason why the phrase "any order of the Industrial Commission" should have a broader meaning in one of the procedural sections of the Industrial Commission Act than in another. Courts cannot legislate; if there are compelling reasons for the advancement for trial of Workmen's Compensation cases, the legislature can make appropriate provision therefor in the Workmen's Compensation Act.

I, therefore, hold that trial preference under §871-42 GC is confined to direct proceedings under the Industrial Commission Act and other proceedings where the Industrial Commission or the State is a party and the question involved concerns that act or any order of the Industrial Commission under that act, and does not apply to Workmen's Compensation cases.

I am authorized to state that Judges Maiden, Jenkins and Doyle concur in this Opinion.

The application for rehearing of plaintiff's motion to advance will be overruled.